IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| DORETHA NICHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 124-069 |
| ) | |
| WALMART INC and WALMART CLAIM ) | |
| SERVICES, INC, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. After initially screening Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii), the Court found Plaintiff arguably stated facts sufficient to support a personal injury claim and ordered service of process on Defendants. (Doc. no. 6.) On July 19, 2024, the Court conducted a teleconference with the parties and inquired concerning the basis for diversity jurisdiction. (Doc. nos. 20, 24; Court's recording system, *For the Record* ("FTR") 11:01:17-36:24 (July 19, 2024).) The detailed information provided by Plaintiff makes clear the Court must recommend dismissal.

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction,

regardless of the stage of the proceedings.  Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).  To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case."  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction:  (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.  The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Here, there is no specific statutory grant or federal question jurisdiction pursuant to 28 U.S.C. § 1331, and Plaintiff fails to provide a valid basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

While there is diversity of citizenship, the amount in controversy does not exceed $75,000.  During the July 19th hearing, Plaintiff provided a detailed recitation of the incident and her injuries.  (See FTR 11:01:17-36:24.)  On December 18, 2023, (doc. no. 1, p. 7), Plaintiff grabbed a three-liter plastic jug of water off the top shelf of a Walmart store, which caused another three-liter jug to fall off the top shelf approximately six inches and hit her in the head, right eye, and cheekbone, (FTR 11:02:30-03:00, 05:50-07:12).  After notifying Walmart management of the incident and refusing EMS services, Plaintiff sought treatment at the emergency room of Piedmont Hospital where medical professionals diagnosed her with facial contusions and prescribed 500mg of Tylenol. (Doc. no. 1, pp. 26-30, 59; FTR 11:10:00-

12:05.) Unrelatedly, Plaintiff was told to follow up with a cardiologist due to high blood pressure. (Doc. no. 1, p. 26.)

On February 2, 2024, Plaintiff sought treatment at Piedmont Prompt Care because of droopiness, redness, and wateriness in her right eye. (Id. at 112-18; FTR 11:12:00-15:25.) A nurse practitioner diagnosed her with viral conjunctivitis, commonly known as pink eye potentially caused by a foreign object of unknown origin entering her eye. (Doc. no. 1, p. 116; FTR 11:15:00-16:40.) The nurse prescribed eyedrops. (Doc. no. 1, p. 115; FTR 11:15:00-16:40.) Plaintiff never returned for any follow-up care and claims approximately $4,500.00 in medical expenses for these two visits. (FTR 11:16:50-17:30.)

Plaintiff perceives no change in her vision and does not allege the incident caused any damage to her vision. (FTR 11:18:30-22:25.) Plaintiff has continued to drive her personal vehicle after the incident without any difficulty. (Id.) Yet, she demands Walmart pay for a thorough eye examination because she is a commercial truck driver and wants to be sure the incident did not adversely affect her vision before she returns to driving commercially. (Id.) Due to these concerns about her eyesight, Plaintiff has not driven a commercial truck since the incident and claims lost wages. (FTR 11:09:00-09:42, 18:30-22:25.) Her weekly salary was approximately $1,600, and she has not worked since the incident occurred in December 2023. (FTR 11:18:30-24:22.)

Based on these factual representations by Plaintiff, it is clear the amount in controversy does not exceed $75,000. The only damages sought by Plaintiff that could have been proximately caused by the incident are the expenses associated with her two medical visits that total a mere $4,500. There is no legally cognizable connection between the incident and Plaintiff's decision to stop working, and it is highly unlikely a trier of fact would place a value

on her emotional distress claim sufficient to bridge the gap between $4,500 and the jurisdictional requirement of $75,000.  See Williams v. Walmart Stores East, LP, CV 118-083, 2018 WL 3749470, at *2-3 (S.D. Ga. July 9, 2018) (finding no jurisdiction in slip and fall case with approximately $15,000 in medicals, pre-removal refusal by Plaintiff's counsel for stipulation of damages less than $75,000, and general request for future damages and ongoing pain and suffering damages), *adopted by*, 2018 WL 3747454 (S.D. Ga. Aug. 7, 2018) (Hall, J.); Kenney v. Briggs & Stratton Corp., CV 116-113, 2016 WL 6650845, at *2-3 (S.D. Ga. Nov. 9, 2016) (finding no jurisdiction in pressure washer injury case with $36,000 in medicals, post-removal removal response to request for admission that damages exceed $75,000, and $100,000 settlement demand), *adopted by*, 2016 WL 7131539 (S.D. Ga. Dec. 6, 2016) (Hall, J.); Cobb v. Sanders, CV 116-073, 2016 WL 4197595, at *3 (S.D. Ga. Aug. 9, 2016) (finding no jurisdiction in vehicle accident case with $31,000 in medicals, allegations of general damages, and demand letter for $225,000), *adopted by*, 2016 WL 4582067 (S.D. Ga. Sept. 1, 2016) (Hall, J.); Arrington v. Wal-Mart Stores, Inc., No. 7:13-CV-154, 2014 WL 657398, at *1 (M.D. Ga. Feb. 20, 2014) (finding no jurisdiction in slip-and-fall case with $44,000 in medicals and insufficient evidence to calculate future monetary losses); Cross v. Wal-Mart Stores, E., LP, No. 7:11-CV-21, 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011) (finding no jurisdiction in slip-and-fall case with $45,000 in medicals, allegations of general damages, and a demand letter for $125,000); but see Farley v. Variety Wholesalers, Inc., No. 5:13-CV-52, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013) (finding jurisdiction in premises liability case with $13,000 in medicals and the possibility of two future surgeries).

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** based on lack of subject matter jurisdiction, and this civil action be

4

**CLOSED**.  Because this case is due to be dismissed, Plaintiff's pending motions for default judgment should also be **DENIED AS MOOT**.  (Doc. nos. 16-18, 21.)

SO REPORTED and RECOMMENDED this 25th day of July, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA